### CALHOUN v. KIRKPATRICK et al.

(Court of Civil Appeals of Texas. San Antonio. March 26, 1913.)

1. JUSTICES OF THE PEACE (§ 129*)—JUDGMENT—COLLATERAL ATTACK.

An improper postponement of a case of forcible detainer in justice's court for more than six days was a mere irregularity, which would not affect the justice's jurisdiction, so as to make the judgment subject to collateral attack in an action between the parties for breach of a rent contract; the justice having jurisdiction of the person and subject-matter.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 408–411; Dec. Dig. § 129.*]

2. LANDLORD AND TENANT (§ 291*)—NONPAYMENT OF RENT—EVICTION—CROPS.

Where the tenant failed to pay the rentals reserved in a lease of irrigated garden land, and was ejected in forcible detainer by the landlord, the tenant could not recover the value of the crops growing on the land when evicted.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1217–1241, 1243–1269; Dec. Dig. § 291.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Action by L. R. Calhoun against J. H. Kirkpatrick and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Leonard Brown and W. S. Anderson, both of San Antonio, for appellant. Houston, Boyle & Storey, of San Antonio, for appellees.

FLY, C. J. This is a suit for damages instituted by appellant against J. H. Kirkpatrick and A. H. Jones, executor of the estate of B. L. Naylor, deceased, which he alleged accrued to him by reason of a breach of a rental contract by appellees, and the ouster of appellant from certain irrigated garden lands, known as the Barnes tract, between the Frio and Somerset roads in the city of San Antonio, and the conversion and appropriation of his crops growing thereon, whereby he claimed to have been damaged in the sum of $5,933.80. Appellees pleaded in bar of the suit a judgment in the justice's court in a forcible detainer suit, wherein appellees recovered possession of the said premises from appellant, and were placed in possession of the same by a writ of possession issued out of said justice's court on July 25, 1910. That was the date fixed by appellant in his pleadings on which he alleged that he had been unlawfully dispossessed of the property. Under instructions from the court, a verdict was returned by the jury for appellees.

The evidence showed, without contradiction, that on April 13, 1910, appellees instituted an action of forcible detainer of the property described against appellant in the justice's court of precinct No. 1, Bexar county, and on June 24, 1910, judgment was rendered in said court against appellant, adjudging the premises to appellees, and on July 25th appellant was regularly and legally dispossessed of the premises by the constable, acting under a writ of possession issued out of said justice's court.

[1] Through the first and sixteenth assignments of error it is claimed that the judgment was void, because it was not tried on the day named in the citation for appellant to appear, or on the day to which it may have been postponed for good cause supported by affidavit. If there were anything in the record that indicated that the cause was not postponed in accordance with the statute, that would not render the judgment void, and the irregularity could not be inquired into in a collateral proceeding, as this undoubtedly is. The justice's court had jurisdiction of the person of appellant and of the subject-matter, and the judgment rendered in that court cannot be collaterally attacked, however erroneous it may be. The improper postponement of a case of forcible detainer for more than six days could not affect the jurisdiction of the justice's court. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876. As said in that case: "Where a court of general jurisdiction, in the exercise of its ordinary judicial function, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear from the records or otherwise to be." In that case, as well as others, justice's courts are held to be courts of general jurisdiction, and that in the trial of forcible entry and detainer cases they are in the exercise of ordinary judicial functions. Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053. Postponing the case for more than six days was a mere irregularity, which could not be used in a collateral proceeding as a basis for an attack on the judgment, even if it could have been used in a direct attack, which we strongly doubt. The matters pleaded by appellant to show a waiver of their right of eviction by appellees were not sufficient for that purpose, and the court did not err in sustaining the exceptions to the supplemental petition. Appellant was permitted to swear to the facts, which he claimed showed a waiver of rights under the judgment, but they fail to show such waiver. Because appellees were lenient towards appellant, and considerate of whatever rights he may have claimed, does not tend to prove a waiver.

[2] When appellant was evicted from the land of appellees, he had no right whatever to the crops he may have planted thereon, no matter whether of much or little value. The judgment of eviction absolutely determined all rights claimed in connection with the land in favor of appellees. At the time the forcible detainer suit was filed the crop, if planted, was in a very immature condition, and, if pending the suit appellant expended his labor thereon, he did so at his own risk. Rankin v. Hooks, 81 S. W. 1005; Samson v. Rose, 65 N. Y. 411. In the New York case it was held: "When the landlord actually took possession at the termination of the action, it would relate back to its commencement. The effect of the entry by a lessor, where he may lawfully make it for a breach of condition, is to determine the estate of the tenant altogether, and wholly revest the same in the lessor or his assigns. The property is held on the same conditions as if the estate to which the condition was annexed had not been granted." Again, it is said in the same case: "It is a perfectly well-settled rule that a tenant has no right to emblements when his lease is terminated by a paramount title. * * * The lessees would have had no equitable claim to emblements, as the termination of the estate would have resulted from their own act in not making payment of the rent. The whole law of emblements is derived from a rule of public policy. Its object was to encourage agriculture by giving to such tenants as held a possession terminable upon some uncertain event a return for the capital and labor laid out and expended upon the land of another. There is no color for the view that any such allowance can be made in favor of one who has a

fixed term, or whose estate terminates (though indefinite in its original duration) by his own act." Appellant was the tenant of appellees and his estate was terminated by his failure and refusal to pay the rent. He was not entitled to the crops on the land. Underhill, Landlord & Tenant, pp. 1330, 1331; Tiffany, Land. & Ten. pp. 1406–1408; Taylor, Land. & Ten. § 535.

The court did not err in instructing the jury to return a verdict for the appellees. There was nothing presented by the evidence that would justify a verdict for appellant. The justice's court judgment adjudged the possession of the land to appellees, and that carried possession of the crops. By that judgment appellant was adjudged a trespasser on the land. There was no testimony that tended to show that appellees used the molasses that appellant left on the land.

This is a plain case of a tenant, who agreed to pay money rent each month, refusing to pay the same, and seeking to recover damages for his eviction by and through a legal writ from the owners of the land. They did not act arbitrarily or in an oppressive manner towards appellant, but bore with him for a long while, and, finding at last that he would not pay his rent, resorted to the law to obtain their rights. None of the assignments of error is meritorious, and all of them are overruled.

The judgment is affirmed.