## STATE BANKING BOARD v. WINTERS STATE BANK. (No. 7326.)

Court of Civil Appeals of Texas. Austin. Jan. 23, 1929.

Rehearing Denied Feb. 6, 1929.

Claude Pollard, Atty. Gen., and C. W. Trueheart, Asst. Atty. Gen., for appellant.

Jerome Sneed, Jr., of Austin, and Doss & Boynton, of Ballinger, for appellee.

BAUGH, J. This is an appeal from a judgment of the district court of Travis county, establishing as valid the claim of the Winters State Bank against the depositors' guaranty fund, adjudging said claim to be a trust fund in the hands of said board with preferential right of payment, and giving it priority over other claims. The facts are not controverted, and an agreed statement of same appears in the transcript. They are substantially as follows:

The Winters State Bank was first chartered on September 17, 1906, for a period of 15 years. On January 1, 1910, it came under the Depositors' Guaranty Fund Law. The corporation conducted a banking business at Winters in Runnels county, Tex. The expiration of its charter on September 16, 1921, was overlooked by the state banking commissioner and the bank's officers. On December 2, 1921, the secretary of state called the fact of such expiration to the attention of the bank and to the attention of the state banking commissioner. After some negotiations between the banking commissioner and said bank, it was decided to organize a new corporation, and on May 16, 1922, a new charter was granted, or a new corporation bearing the same name as the old one was formed. The new corporation took over the assets and assumed all the liabilities of the old, as well as those acquired or incurred during the interim between the dates of the expiration of the old charter and the granting of a new one. During this intervening period the business of said bank continued in the same place and manner as it had done before the expiration of the old charter. During this interim between the expiration of the old and the granting of the new charter, the Banking Commissioner made assessments against and collected from said bank for the benefit of the guaranty fund the sum of $12,301.42, to replenish said fund for money paid out to depositors of 32 state banks closed during that period because of insolvency. Subsequently, however, the sum of $3,514.13 was repaid by the banking commissioner to the Winters State Bank as its share of the dividends realized from said 32 insolvent banks, through liquidation. The Winters State Bank, the new corporation, thereafter presented its claim on October 28, 1927, for the difference between these two sums, to wit, $8,786.34, to the state banking board, which rejected same on January 7, 1928. This suit was then filed against the said state banking board to establish said claim.

Appellee's suit was brought upon the theory that the old corporation was automatically dissolved when its charter expired; that it thereupon as a matter of law was removed from the guaranty fund system; that its depositors had no protection under the Guaranty Fund Law during the interim or hiatus between the expiration of the old charter and the granting of the new; that it therefore paid for something it did not get; and that such sums so paid, being illegally collected by the banking board, became trust funds in its hands, which trust was not repudiated until the bank's claim was rejected on January 7, 1928.

The state banking board attacks the judgment of the trial court on several grounds, and the appeal presents several very interesting questions. Since we have reached the conclusion, however, that the trial court was without jurisdiction, under the pleadings and the agreed facts, to render judgment herein, we shall confine our discussion to this question alone.

It is obvious that in the enactment of the Guaranty Fund Law the Legislature never contemplated any such conditions as are presented by this record. The Winters State Bank changed from the guaranty fund system to the bond security system on March 23, 1925, and no question of insolvency is involved. Nor does the bank in any manner question any acts of the state banking board in liquidating the 32 banks, whose insolvency provoked the assessments in question against appellee bank.

Whether a suit against the state banking board is a suit against the state, and authorized only in instances where the state has given its permission to be sued, has already been before the appellate courts of this state. A very able discussion of this question by the Fort Worth Court of Civil Appeals, Conner, C. J., writing, is found in Chapman v. Guaranty State Bank, 259 S. W. 972, and relied upon chiefly by appellee to sustain the trial court's jurisdiction. The Supreme Court granted a writ of error in that case, however, and in an opinion by the Commission of Appeals, 267 S. W. 690, in which the Supreme Court expressly approved the holding, the Commission had the following to say:

"The paramount purpose of the Bank Deposit Guaranty Law is to secure depositors and guarantee the prompt payment of noninterest-bearing and unsecured deposits. As necessary to the accomplishment of this purpose there are two outstanding features of

the law: (1) Means for a rigid and thorough supervision of the organization and administration of state banks. (2) A method for the efficient, effective, prompt, and economical liquidation of the assets of insolvent banks, having in view the conservation of such assets and the protection of depositors and creditors. In carrying out the first object the commissioner acts almost exclusively in his administrative capacity as an officer of the state. For the second object he has been constituted a receiver, and has been given numerous statutory powers usually conferred by the court on chancery receivers."

In all matters relating to the liquidation of an insolvent bank taken over by the commissioner of banking an express or implied supervision thereof by the district court of the county in which such bank is located is given by statute. Articles 454, 458, 459, 462, 463, 467, 469, and 473, R. S. 1925. In respect to these matters the commissioner stands in the position of a receiver appointed by the court. But in all other matters pertaining to the affairs of an insolvent bank placed in his hands voluntarily, "the banking commissioner exercises the duties and powers of an executive head of a department of the state government, and is not subject to the orders of any court other than the Supreme Court of the state." Kinney v. Channel State Bank (Tex. Civ. App.) 288 S. W. 593 (writ of error refused).

The instant case, we think, presents a clearer instance of lack of jurisdiction than the Kinney Case, supra. In that case only the banking commissioner was involved, and that in a bank which was itself in process of liquidation. So, too, in the case of Chapman v. Bank, supra, the bank itself was in process of liquidation, and in each of these cases the suit was brought in the county where such bank was located, clearly seeking to maintain such actions under the provisions of the statutes, express or implied, giving the district court of such county jurisdiction because of the fact of liquidation of the bank itself in that county. Here we have a suit against the banking board, not involving any question of liquidation under the statute, brought in the district court of Travis county and affecting said board only in its general capacity as a banking board, and one in which no authority is given by the statute to sue it. We are compelled to the conclusion, therefore, that the trial court was without jurisdiction to render judgment herein other than to dismiss the suit.

The record presents no disputed question of fact. All the issues raised are questions of law. If appellee's contentions, as a matter of law, are correct, we can see no questions of discretion left to the banking commissioner or to the banking board. If, as a matter of law, the appellee is entitled to a return of the funds claimed, it is the clear ministerial duty of the state banking board and the banking commissioner to return them, and a mandamus from the Supreme Court is the proper method of compelling action in the premises. Article 1735, R. S. 1925; Middlekauff v. State Banking Board, 111 Tex. 561, 242 S. W. 442.

The judgment of the trial court is therefore reversed and the cause dismissed.

Reversed, and cause dismissed.