## In re MARIETTA STATE BANK.
### No. 3945.

Court of Civil Appeals of Texas. Texarkana.
Jan. 21, 1931.

Rehearing Denied Feb. 5, 1931.

768

John W. Goodwin, of Austin, and Davidson, Blalock & Blalock, of Marshall, for appellant.

Carney & Carney, of Atlanta, for appellee.

LEVY, J. (after stating the case as above).

■ Article 462 (Rev. St.) provides:

"Compensation of counsel, employees and assistants, and all expenses of supervision and liquidation shall be fixed by the Commissioner, subject to the approval of the district court of the county in which said bank was located, if in session, or the judge thereof if in vacation. The compensation of special liquidation agents shall be the same as is provided by law for State bank examiners, and shall, upon the certificate of the Commissioner, be paid out of the fund of such insolvent bank in the hands of the Commissioner."

Under this article, as may be seen, the "compensation" which it is contemplated "shall be fixed by the Commissioner, subject to the approval of the district court," is, not "of special liquidation agents," but "of counsel, employees and assistants." By prior article 349 of the statute, the commissioner is given the authority to (1) "appoint one or more special liquidating agents to assist him to perform his duties," and (2) "employ counsel and procure such expert assistance as may be necessary" in "the liquidating and distribution of the assets of such insolvent bank." The above statute expressly fixes "the compensation of special liquidation agents" in amount "the same as is provided by law for State bank examiners." And in this record it uncontrovertibly appears that the compensation in the form of salary which the commissioner fixed as payable to the two special liquidation agents of the bank did not exceed the sum provided by statute (Rev. St. art. 351, as amended by Acts 40th Leg. [1927] c. 289, § 1, Vernon's Ann. Civ. St. art. 351) for state bank examiners. Therefore the court was not authorized to disallow one-half of the amount, as done, claimed as "salary of special (liquidation) agents" upon the ground that the same was "excessive," meaning the usual or proper limit of the law in amount. The whole amount, instead of one-half of the $1,247.50 salary account, was allowable as a matter of pure law. The period of six months for liquidation of the bank and having two special liquidation agents was not unreasonable under the circumstances of the case, and the trial court does not so find.

The trial court finds, in effect, that the "expense" of the special liquidation agents is "excessive" to the amount of one-half of the claim of the commissioner, but the particular items thereof disallowed is not specified by the court. All the items in the expense account except the items of $192.54 of Mr. Pinkney, special liquidation agent, and $24.42 of the liquidation division, appear to have been questioned in the evidence. In the light of this fact, we must refer the court's ruling to the questioned items only. His ruling in

that respect could not in any wise be held by this court as a pure matter of law to be erroneous.

█ The court further finds, in effect, that the items of "automobile expense" and "extra labor" were "excessive" to the extent of one-half of the total amounts claimed. Some of the items of the accounts appeared very necessary and reasonable, and some of the items were questioned in the evidence as to amounts and the necessity therefor. The court's ruling must be referred to the items questioned, and this court cannot, upon the whole evidence, say as a pure matter of law that the trial court legally erred in the findings made by him. It is believed that the phrase "subject to the approval of the district court," as used in article 462, was intended to mean that the account of the commissioner in respect to "expenses of supervision and liquidation," as well as "compensation of counsel, employees and assistants" (not including special liquidation agents), was open to revision or rejection by the court as the special facts and circumstances might warrant.

The creditors appearing herein are regarded as appearing as amicus curiæ. 2 C. J. p. 1322.

█ It is believed that the appellate court has jurisdiction to entertain this appeal. Article 462; Kidder v. Hall, 113 Tex. 49, 251 S. W. 497; Chapman v. Bank (Tex. Com. App.) 267 S. W. 690; State Banking Board v. Bank (Tex. Civ. App.) 13 S.W.(2d) 391, 392. An act done by the court under article 462 is intended to be a judicial act as distinguished from an administrative act.

The judgment is reformed so as to allow the approval of the entire amount of salaries to special liquidation agents making the entire account allowed in the sum of $3,155.89 instead of $2,532.14. The following portion of the judgment is entirely eliminated: "The said Banking Commissioner of Texas be and is hereby ordered to refund the Marietta State Bank said sum of $1,081.07 from the office expense account of the Liquidating Division of the Banking Department of the State of Texas and that said office expense account be charged with the said sum of $1,081.07 so refunded and transferred."

As so reformed, the judgment will be affirmed.

WILLSON, C. J. (dissenting).

By force of article 2249, R. S. 1925, as amended by Acts 40th Leg. (1927) c. 52 (Vernon's Ann. Civ. St. art. 2249), a right to appeal exists only from a final judgment in a civil case. As I view it the order here appealed from was not in such a case, and therefore a right to prosecute this appeal was not conferred by said article of the statutes. In that event, if such a right existed, it must have been by force of some other statute, and I know of none other. I think this court is without power to hear and determine the appeal, and that it should be dismissed.