## GOSSETT, Banking Com'r, v. GRIFFIN & KIMBROUGH.

No. 10084.

Court of Civil Appeals of Texas. San Antonio.

June 23, 1937.

Rehearing Denied Aug. 4, 1937.

Ocie Speer, of Austin, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellees.

SMITH, Chief Justice.

McAllen State Bank was placed in the hands of the state banking commissioner for liquidation, and was administered by the commissioner through a proceeding in a district court of Hidalgo county, as provided by statute. Griffin & Kimbrough, a firm of attorneys, having a claim of $2,504.20 against the bank, filed their verified claim therefor with the commissioner. The commissioner allowed the claim to the extent of only $567, and otherwise finally rejected it. Griffin & Kimbrough subsequently filed suit upon the claim by intervening in the pending proceeding, with leave of the court. Upon a trial, the court rendered judgment in favor of Griffin & Kimbrough for the full amount of their claim. The banking commissioner has appealed.

In his first proposition appellant contends that the suit should have been instituted in a new, separate, independent proceeding in one of the district courts of Hidalgo county, and was not properly maintainable by way of intervention in the pending proceeding for liquidating the affairs of the defunct bank. We overrule this contention, advanced under appellant's first assignment of error. Clearly, it is permissible, and, as a practical matter, preferable, that the actions upon rejected claims against defunct banks be brought and settled in the proceeding provided by statute for liquidation and administration of the bank's affairs. Title 16, chapter 7, R.S.1925 (as amended [Vernon's Ann.Civ.St. art. 438 et seq.]), Kidder v. Hall, 113 Tex. 49, 251 S.W. 497.

It is contended by appellant in his second proposition that the order awarding recovery to appellees upon their intervention, without also disposing of all the other matters encompassed in the liquidation proceeding, was not a final judgment. The position of appellant is anomalous, in that, if correct, it can be given no other effect here than to dismiss appellant's appeal. We hold, however, that the judgment was final. Title 16, chapter 7, R.S.1925; In re Marietta State Bank (Tex.Civ.App.) 35 S.W.(2d) 767.

The whole subject of the liquidation of insolvent, or defunct, state banks in Texas, is covered by the statutes, which provide for the processes by which such liquidation shall be had. Among other things, it is provided that filed claims may be rejected by the banking commissioner, who shall serve notice of such rejection upon the claimant, in which event the latter must bring suit upon the claim, if at all, within six months after service of such notice. Article 459, R.S. 1925. In this case appellees filed their claim with the commissioner, who considered it, negotiated with appellees concerning it, agreed to relax the six months' requirement, and then, after the lapse of that period, finally and definitely rejected it for the first time. After suit was filed, appellant set up the defense of said six months' limitation. The record shows that the suit was instituted within six months of the final and first unequivocal rejection of appellees' claim by the commissioner, thus satisfying the statute. For the several reasons stated, appellant's third and fourth propositions are overruled.

By his sixth proposition appellant contends that appellees' claim was barred by the two-year statute of limitation (Vernon's Ann.Civ.St. art. 5526) because they did not directly sue the bank, as such, within that period. We overrule the contention. The statutes contemplate, and in terms provide, that all claims for or against the defunct bank be settled through the commissioner, under the procedure prescribed by the statutes, and a suit against the commissioner to recover the debt of the bank was sufficient.

In his sixth assignment of error appellant complains of an allowance to appellees of a certain preferred claim of $300. We overrule the proposition. The question raised is one of the sufficiency of the evidence, and we do not feel warranted in disturbing the trial judge's finding thereon. For a like reason we overrule appellant's seventh and eighth assignments of error.

The trial court allowed appellees' interest upon the amount of appellees' preferred claim. In this we conclude the court erred. Shaw v. McCord (Tex.Civ.App.) 18 S.W.(2d) 200.

The judgment will be reformed so as exclude therefrom the item of interest upon $1,047.75, and as so reformed the judgment will be affirmed, at the cost of appellees.