**GOSSETT, Banking Commissioner, et al.
v. L. G. BALFOUR CO.**

No. 13617.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 12, 1937.

Rehearing Denied Jan. 14, 1938.

1120

Ocie Speer, of Austin, for appellants.

Wm. H. Flippen and John W. Miller, both of Dallas, for appellee.

BROWN, Justice.

Appellee L. G. Balfour Company brought suit against the State Trust & Savings Bank, a banking corporation organized under the laws of Texas, and domiciled in Dallas county, while same was a going concern. Such suit, filed in the 44th judicial district court in Dallas county, was for the recovery of a sum of money that had been deposited in such bank by said company; the complaint being that the bank had taken the money and applied it, without right or authority, on a debt due the bank by said company's district manager.

During the pendency of such suit, the bank became insolvent and was placed in the hands of the Banking Commissioner of the state of Texas for liquidation, by virtue of the laws of Texas governing such matters.

It is undisputed that such proceedings were pending in said 44th judicial district court.

Appellee then, with leave of court, amended its petition and made the Banking Commissioner a party defendant, and in its amended pleading prayed as follows: "Wherefore plaintiff prays that the defendants, State Trust & Savings Bank and Z. Gossett (Banking Commissioner) be cited to appear herein, and that upon final trial, it have judgment against the defendant bank and the defendant Z. Gossett as statutory liquidator for said bank for the sum of $2,042.50, together with interest and costs, and for such other and further relief to which it may be entitled, and will ever pray."

The bank had theretofore filed its answer in which it raised the defense that the moneys had been properly applied to an indebtedness on a promissory note, the payment of which had been guaranteed by the plaintiff.

The Banking Commissioner, Gossett, answered in his official capacity as liquidating agent of the insolvent bank; pleaded a general demurrer; specially excepted to plaintiff's petition because such pleading shows that no notice of plaintiff's claim was given the Banking Commissioner and such claim was never presented to the commissioner for allowance, or rejection; adopted the answer theretofore filed by the bank; and specially pleaded that the plaintiff had never filed its claim with the commissioner, and that no notice of the claim required by law was ever given the commissioner prior to bringing suit against him in his official capacity; and that the time for presentation of such claim has expired.

Appellee answered the defensive pleadings by denying any guaranty on its part of the indebtedness due the bank by its district manager, and pleaded that it was not necessary for it to give the commissioner notice of its claim, or to present same for allowance because "the Commissioner of Banking took over the liquidation with notice of the claim having been filed against the Bank in the form of this law suit. Plaintiff says further that it has never been notified to file any claim with the Banking Department and it has at all times relied upon this pending suit as sufficient notice to all concerned of its claim against said Bank."

It further pleaded that the commissioner had refused to pay it the amount demanded in its petition.

By supplemental answer the said bank and commissioner demurred generally to the last pleading filed by the plaintiff and answered fully on the merits.

Although the clerk's transcript purports to show that the plaintiff's and defendant's motions, each requesting instructed verdicts, and the charge of the court (being an instructed verdict for the plaintiff), and the jury's verdict were all filed in the 44th judicial district court, such notations are evidently erroneous, because the judgment was rendered in the 116th judicial district court, a court having co-ordinate jurisdiction with the 44th judicial district court, in Dallas county, and such judgment recites that the "cause had been duly and legally transferred from the 44th Judicial District Court of Dallas County, Texas, to this court"; and recites the presentation for the first time of the demurrers and exceptions contained in the answers; the overruling of same, exceptions taken, and the presentation by plaintiff of its motion for an instructed verdict; the sustaining of the motion; the giving of the instructed verdict; the verdict returned by the jury on such instruction; and judgment was rendered in favor of the plaintiff against said bank in the sum sued for, and continues, "And said debt is hereby established against the defendant, Z. Gossett, Banking Commissioner of Texas, in his official

capacity as Statutory Liquidating Agent of the State Trust & Savings Bank, and his predecessors in office" (for the amount sued for); and the judgment further stipulates: "And it is hereby ordered, adjudged and decreed by this court that the plaintiff, L. G. Balfour Company, do have and recover judgment of and from said defendant, Z. Gossett, Banking Commissioner of Texas, in his official capacity as the Statutory Liquidating Agent of the State Trust & Savings Bank, for the said sum of (the amount sued for with interest) * * * but which judgment herein is hereby referred and certified to the 44th District Court of Dallas County, Texas, in the liquidation proceedings that may be pending therein in the case entitled, In Re State Trust & Savings Bank, and numbered 2691—B on the docket of said Court, for further enforcement and payment, and execution may issue except in so far as it may affect the assets of the State Trust & Savings Bank in custodia legis and except in so far as it may affect the management and control of the assets of the State Trust & Savings Bank by the defendant, Z. Gossett, Banking Commissioner of Texas, in his official capacity as the Statutory Liquidating Agent of the State Trust & Savings Bank, and his successor in office, etc."

■ Due exception was taken to this judgment by both defendants and notice of appeal given, and the Banking Commissioner duly perfected his appeal, without giving bond, as was his lawful right to do.

The cause, being taken to the Court of Civil Appeals for the Dallas district, was duly transferred to this court by our Supreme Court.

Four assignments of error are presented. The first asserts that the trial court erred in entertaining jurisdiction and in rendering judgment on the merits, because such court had no jurisdiction of the subject-matter, and that the 44th judicial district court of Dallas county has exclusive jurisdiction thereof.

The second asserts that the trial court erred in overruling the commissioner's general demurrer.

The third asserts that the trial court erred in refusing to grant the commissioner's motion for an instructed verdict.

The fourth asserts that the trial court erred in giving the jury the summary instruction in favor of the plaintiff.

We do not believe that it is necessary, in the case before us, to dispose of the first assignment of error, and such observations as we make will be treated as dictum by our superior court, in our opinion, should an application for a writ of error be presented.

Appellant relies upon Kidder v. Hall, 113 Tex. 49, 251 S.W. 497, opinion by Chief Justice Cureton, speaking for the Supreme Court.

We construe that opinion, as applied to the case at bar, to mean that, the liquidating proceedings having been properly brought in the district court of Dallas county, where the insolvent bank had its domicile, no suit to establish a claim against such bank could be brought in the district court of any other county.

Appellant, in the case of Gossett, Banking Commissioner, v. Griffin & Kimbrough, Tex.Civ.App., 107 S.W.2d 1115, presented this question: That appellees erroneously intervened in the pending liquidation proceedings, to establish their claim, and that they should have filed their claim in a new, separate, independent proceeding in one of the district courts of Hidalgo county (where the liquidating suit was pending). The contention was overruled, and the case of Kidder v. Hall, supra, was cited as authority for such holding. The further contention was made by the commissioner in that case, that the judgment on the intervention, which made no effort to dispose of the liquidating proceedings, was not a final judgment. This contention was overruled. The Supreme Court dismissed the application for a writ of error in that case.

It is admitted that the 116th district court and the 44th district court, both of Dallas county, have co-ordinate jurisdiction.

■ We are of opinion that the judge of the 44th district court could lawfully transfer appellee's suit, or a suit brought by any intervener in the liquidation proceedings, to the 116th district court, without transferring the entire liquidation proceedings, and that the court to which such suit, or intervention, is transferred, having as a matter of law co-ordinate jurisdiction of the subject-matter, under the Special Practice Act, Vernon's Ann.Civ.St. art. 2092, applicable to Dallas county district courts, could render a final judgment in the cause so transferred.

We are of opinion that there is no merit in the first assignment of error.

We sustain the second assignment of error.

Appellee's pleadings fail to show that notice of its claim was ever given the Banking Commissioner or that same was ever presented to the commissioner for allowance and after presentation was rejected.

The case of Brand, Commissioner, v. Conner & McRae, Tex.Civ.App., 78 S.W. 2d 712, writ refused, is controlling here.

Assuredly, neither allegation nor proof on the part of appellee establish facts which in law excuse it from presenting its claim to the Banking Commissioner.

The case having been tried on the wrong theory, in our opinion, it follows that the third assignment of error is not well taken.

We believe that the evidence which was before the trial court was sufficient to raise the issue of a guaranty on the part of appellee of its district manager's note, and it follows that this issue should be submitted to the jury, and the fourth assignment of error is therefore sustained.

For the reasons set forth, the judgment of the trial court is reversed, and the cause remanded.