## M. COHEN V. MINOR MOORE ET AL.

No. 1703.   Decided October 30, 1907.

**1.—Justice Court—New Trial—Motion—Notice.**

A judgment of a justice of the peace is within the control of the court during the term at which it was rendered, and an order setting it aside, though made without motion in writing or notice to the party recovering the judgment, was not void. Aycock v. Williams, 18 Texas, 392, distinguished.   (P. 47.)

**2.—Continuance—Jurisdiction.**

An order continuing a case till the next term of court does not deprive the court of its jurisdiction over the parties for the term at which it was made, and its subsequent action in setting aside such continuance and trying the case without notice to a party, though erroneous, did not render its judgment void. (Pp. 47, 48.)

**3.—Same—Notice—Reconvention.**

After order of continuance, the setting aside same and giving judgment for defendant on a claim in reconvention, not available as an offset to that of plaintiff, was not void if plaintiff had notice of such plea in reconvention, and an allegation that the case was tried in his absence and without his knowledge was not sufficient to show absence of such notice.   (P. 48.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*James E. Yeager,* for appellant.—Has the justice of the peace the inherent power to set aside a judgment by default for plaintiff on verbal motion of defendant without any notice to plaintiff of such motion?   Constitution of Texas, art. 5, sec. 19, Rev. Stats., 1895, art. 1651; Clayton v. Hurt, 88 Texas, 598; Cowan v. Nixon, 28 Texas, 236; Aycock v. Williams, 18 Texas, 393; Smith v. Carroll, 66 S. W. Rep.; 863.

Has the justice of the peace the inherent power to grant a new trial and retry the case at the same term of court in the absence of plaintiff and without notice to him and in the absence of any agreement between the parties to retry the case at the same term of court?   Rev. Stats., art. 1855.

Has the justice of the peace jurisdiction to render judgment against plaintiff on a cross-action filed on the day of re-trial of a cause, in the absence of plaintiff and without any notice to plaintiff?   Kruegel v. Bolanz, 18 Texas Ct. Rep., 439; Coreth v. McNatt, 8 Texas Ct. Rep., 416.

We also submit to this court the proposition that the justice of the peace in this case had no inherent power over his judgment to retry the cause after ten days from the date of first judgment, as was done by this respondent, where no motion for new trial had been filed.   Parker v. Boyd, 42 S. W. Rep., 1031; Moore v. Perry, 56 S. W. Rep., 120; Odle v. Davis, 35 S. W. Rep., 131; Adams v. Casey-Swasey Co., 39 S. W. Rep., 654.

No briefs for appellee reached the reporter.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Third District, as follows:

"M. Cohen brought this suit in the County Court against Minor Moore, a justice of the peace, and Frank Warner, and alleged in substance: That on the 14th day of March, 1906, he filed a suit in Justice Moore's Court against Warner upon a note for $47.45, and to foreclose a lien on certain personal property of the value of $110; that Warner was duly cited but failed to appear or answer, and that on March 26, which was appearance day, the justice of the peace rendered judgment by default for him, Cohen, for $47.45, and a foreclosure of his lien, and made a note on his docket to that effect, but did not enter the same in his minute book; that in the afternoon of said day, without notice to the plaintiff, and without any written motion for a new trial, said justice of the peace, upon the verbal motion of the defendant Warner, attempted to set aside said judgment by default; that the plaintiff's attorney refused to reset said case for trial at that term of court, but that said justice of the peace, after stating to the plaintiff's attorney that he would continue the case to the next term, tried it on April 7, at that term, in the absence and without the knowledge of the plaintiff, and allowed the defendant Warner to set up an unliquidated and illegal demand against said note, and rendered judgment against the plaintiff for $75 and costs of suit and cancelling his note and mortgage; that on April 12, he, the plaintiff, filed his motion in said court asking that said judgment be set aside and the judgment rendered for him against Warner for $47.45 entered upon the minutes, which motion was overruled. He alleged that the action of the justice of the peace in attempting to set aside the judgment in his favor and retry the case and render judgment against him was void, and he prayed for a writ of mandamus compelling the justice of the peace to enter upon his minutes the judgment rendered for him and issue process to enforce the same, and that the temporary injunction issued to prevent the enforcement of the judgment in favor of Warner be perpetuated. The trial court sustained a general demurrer to the petition, and the plaintiff has appealed and assigns that ruling as error.

This court affirmed the judgment and held that so much of the provisions of chapter 14 of title 33 of the Revised Statutes relating to new trial in justice of the peace courts as are applicable to the facts of this case, are directory and do not affect the inherent power of such courts to set aside judgments, even without any motion, written or oral; and that the second judgment rendered by the justice of the peace was not absolutely void, and that the plaintiff's remedy was by appeal therefrom. Our ruling in that regard is sustained by Raley v. Sweeney, 60 S. W. Rep., 573, decided by the Court of Civil Appeals for the Fourth District, in which a writ of error was refused, but it is in conflict with Smith v. Carroll, 66 S. W. Rep., 863, decided by the Court of Civil Appeals for the Fifth District. The question is material and its decision necessary.

"With this explanation and statement, the Court of Civil Appeals for the Third District, in compliance with appellant's request and with the Act of the 26th Legislature requiring it to be done, hereby

certifies to the Supreme Court for decision the question above referred to, and upon which our decision is in conflict with Smith v. Carroll, supra. The specific question is: Had the defendant Moore, as justice of the peace, the power, without a written motion asking it, and under the circumstances stated above, to set aside the judgment by default and render the second judgment? Was his action in so doing absolutely void, or only voidable?"

We answer that the justice of the peace had power to set aside the default at the time and under the circumstances stated in the certificate, and the Court of Civil Appeals correctly so held. In the case of Aycock v. Williams, 18 Texas, 392, in which it was held that the action of a justice of the peace in setting aside a judgment within ten days upon a motion of which no notice was given to the opposite party was void, it does not appear that the term of court at which the judgment was rendered continued when the new trial was granted. Besides, under the Constitution of 1845, which was in force when that decision was rendered, justices of the peace had only such power and jurisdiction as were given by the Legislature, and it might well have been contended that the power to grant new trials given by the statute was all the court possessed. In the case of Clayton v. Hurt, 88 Texas, 595, it was held that the present Constitution "confers upon them (justices of the peace) the general judicial powers of the government over the subjects therein specified subject to the limitations therein prescribed, and such jurisdiction is as general and exclusive as is that of the various other courts mentioned in the Constitution over the subjects committed to them." The power to set aside at the same term at which they are rendered its judgments and orders is one inherent in every court of general jurisdiction, and it is not taken away by the statutory provisions which regulate the subject of new trials and the setting aside of defaults. This has repeatedly been held with reference to the District and County Courts, in which the statutes prescribe the times for filing such motions and require them to be in writing as fully as is required in Justice's Courts. The principle was applied to Justice's Courts by the Court of Appeals in the case of Hinzie v. Ward, 1 W. & W., sec. 1314.

The order setting aside the default not being void, the cause stood open for further trial, and the justice of the peace still had jurisdiction over the subject matter and the parties with power to render final judgment.

The facts stated in the certificate and the contention of the appellant involve the further question whether or not, conceding the proposition just decided, the justice of the peace had power to render the particular judgment which he entered after the default had been set aside. It is not clear that the Court of Civil Appeals meant to put this question, but as that stated seems to refer to the particular judgment finally rendered and the power of the court to render it, under the circumstances stated, we have concluded that it is presented to us for decision.

The statute, article 1655, provides that where a judgment is set aside the cause shall be continued until the next term, unless other-

wise agreed by the parties with the consent of the justice. This seems to be a direction to the court, and not a provision which continues the cause by its own operation, but we shall treat the subject as if the allegations in the petition showed that a continuance had been ordered. The question then is whether or not a continuance deprives the court of its jurisdiction over the parties, for the time, so that it has not the power to reopen and try the cause at the same term without notice. It is well settled that although jurisdiction of the subject matter and of the parties has been acquired, it may be lost by subsequent proceedings or events. The ways in which this may happen are stated by the elementary writer, but we find no mention of the entering of a continuance being among them. Freeman on Judgments, secs. 121, 135; Work on Courts, etc., sec. 24, pp. 146-155.

On the contrary, we find a number of decisions which treat the setting aside of a continuance and the trial of the cause without notice at the same term at which the continuance was entered, as being within the inherent power of the court above stated. Gray v. Ulrich, 8 Kan., 112; Marsh v. Morse, 18 Mo., 478. Of course, such proceedings are grossly irregular and often unjust in their results, but, as they are within the jurisdiction and therefore not void, the remedy for their correction is an appellate one, primarily, and, only in the event of lack of opportunity to prosecute such a proceeding, by a resort to equity for relief. But the action of the court can not be treated as void. Another question grows out of the allegation that the judgment was based upon a claim set up by defendant which in its nature was not a statutory set-off, which could be pleaded as a mere defense (Rev. Stats., arts. 750-755), but was one for unliquidated damages which could only be maintained, if at all, by cross action or plea in reconvention. If the petition had shown that plaintiff had no notice of its assertion, a serious question as to the validity of the judgment would have been raised. (Harris v. Schlinke, 95 Texas, 88.) But, for all that appears, the plaintiff may have been notified that the claim was set up against him. The allegation that the case was tried in his absence and without his knowledge is not sufficient to show the fact referred to. The petition does not therefore show that the judgment is void, but does show a case in which he could have had relief by appeal. The Court of Civil Appeals did not err in its decision.

No question has been made as to the jurisdiction of the County Court, rather than the District Court, to grant the mandamus and injunction sought and we have not referred to it, since whatever might be the conclusion, the judgment dismissing the action was the proper one.