## RICHEY v. CENTRAL SECURITIES CO.

### No. 13723.

Court of Civil Appeals of Texas.
San Antonio.

July 12, 1939.

Clarence R. Boatwright and Chas. W. Duke, both of San Antonio, for plaintiff in error.

Hicks, Dickson & Lange, of San Antonio, for defendant in error.

SMITH, Chief Justice.

In this suit, brought in the nature of a bill of discovery, under Art. 2002, R.S.1925, Central Securities Company procured an order of the District Court requiring R. A. Richey to "answer fully and completely under oath, the interrogatories of discovery attached to plaintiff's bill of discovery herein and that the defendant (Richey) return and file herein his answers, under oath, to such interrogatories on or before" a stated date.

The order was granted on March 27, 1939, and, but not until eleven days later, on April 7th, Richey gave notice of appeal therefrom. On April 8th he filed his appeal bond.

(Thereafter, on April 14th, Richey filed in this Court his petition for writ of error and supersedeas bond, together with transcript of the record below.)

The Securities Company has timely filed its motion in this Court for affirmance on a certificate accompanying the motion and showing the foregoing facts.

It will be noted that notice of appeal was not given within the two days required by statute, Art. 2253, R.S.1925, as amended by Acts 1927, 40th Leg. p. 21, ch. 15, § 1, Vernon's Ann.Civ.St. art. 2253.

The notice not having been given within the prescribed two days it could not serve as the basis of appeal, or give this Court jurisdiction over the cause. Having no jurisdiction, this Court has no power to affirm on certificate. Kirby v. South Texas Nat. Bank, Tex.Civ.App., 127 S.W. 2d 955; Bargna v. Bargna, Tex.Civ.App., 127 S.W. 1156, 1157.

The motion must therefore be denied.

While the point has not been mentioned by the parties in connection with this motion, a serious question lurks in the premises as to whether appeal or writ of error lies from an order granting a bill of discovery, such as this. Equitable Trust Co. v. Jackson, 129 Tex. 2, 101 S.W.2d 552; Texas Wheat Growers' Association v.

Gough, Tex.Civ.App., 70 S.W.2d 818, writ of error denied; Samuels v. Finkelstein, Tex.Civ.App., 25 S.W.2d 923, writ of error dismissed. Decision of the question, however, must be deferred for consideration in the writ of error proceeding.

The motion to affirm on certificate is denied.