**KILIAN v. KILIAN.**

No. 13595.

Court of Civil Appals of Texas. Dallas.

Feb. 9, 1945.

G. H. Crane, of Dallas, for appellant.

A. H. McCulloch and Ely Straus, both of Dallas, for appellee.

YOUNG, Justice.

Appellant's original suit and judgment for divorce, based upon citation by publication, was followed by statutory motion of Mrs. Kilian for new trial, Art. 2236, R.S., Rule 329, Texas Procedure; and, upon hearing of the latter proceeding, judgment was in turn rendered setting aside the initial decree of separation and dismissing appellant's suit on jurisdictional grounds (lack of residence); from which adverse action Edward Stanley Kilian has appealed.

More definitely, appellant's petition was filed in the 14th District Court of Dallas County, August 13, 1943, together with affidavit that defendant was a nonresident of Texas, "being a resident of the State of Illinois". Upon perfecting service by publication and court appointment of attorney to represent such defendant, judgment of divorce was obtained November 9, 1943. The sworn petition of Mrs. Kilian for new trial, No. 80,339—D, was filed in the 95th District Court of Dallas County, April 5, 1944, transferred to the 14th Court and there consolidated with the original cause, No. 74,534—A; personal service being had on Edward Stanley Kilian, a soldier, on April 9, 1944, at Camp Hood, Bell County, Texas. Said defendant entered appearance by attorney, pleading the Soldiers' and Sailors' Relief Act, 50 U.S.C.A.Appendix § 501 et seq., in abatement of suit, which plea was overruled.

The cause came on for trial July 3, 1944, and upon testimony of Mrs. Kilian in person, judgment was rendered setting aside the former decree, also dismissing appellant's petition as already stated. Kilian did not further plead or present evidence in denial or rebuttal at the hearing, though represented by counsel who offered no cross-examination; excepting, however, to the judgment in question, filing motion for new trial, July 15, with a single assignment of error, viz: "The Court made serious and grievous—and reversible error in his judgment herein—as all the law and all legal evidence was against the plaintiff herein and for the defendant—because the plaintiff herein had made an attack on a legal judgment and there was no law and no evidence authorizing the Court to enter the judgment herein." The motion just referred to was overruled July 26, followed by appeal bond of date August 14, 1944.

The issues here centering around Kilian's qualifications of residence necessary to maintenance of suit for divorce in this county and State, the following narrative from Mrs. Kilian as a witness is pertinent: They were married October 18, 1941, then living at 2046 W. Walton Street, Chicago, Ill., where she still resides. Referring hereafter to Mr. Kilian as defendant, he left Chicago on a two weeks' vacation July 24, 1942, going to Los Angeles, where he wrote plaintiff August 7, indicating marital

dissatisfaction and his intention to remain in California; sending a postcard to his wife from California about August 24th. In the meantime Mrs. Kilian had knowledge of several notices mailed by defendant's local draft board to his Chicago address, one such card directing him to report for physical examination on August 17, 1942. It may be inferred that defendant entered the army while in California; however, his next letters to plaintiff were mailed from Camp Hood, Texas, of date May 20 and May 31, 1943; plaintiff further testifying that she had never been in Dallas except for purpose of the trial, and that to her knowledge defendant had never claimed Dallas County as his place of residence.

■ Appellee renews her motion to dismiss appeal, arguing that defendant's motion for new trial was filed out of time (twelve days from date of judgment), and, notwithstanding the court's action thereon within the thirty-day period (July 26), said judgment became final thirty days from its date, or August 3; hence, the cost bond on appeal filed August 14 came too late, and the Appellate Court did not acquire jurisdiction. Rule 356. The law question presented is an interesting one, for in this—a nonjury matter—no motion for new trial was required. Rule 330(k), Texas Procedure. Inasmuch as the case must be affirmed, the particular point will not be labored. However, it is our thought that appellant's cost bond was timely filed, because of the construction placed upon Art. 2092, Sec. 29, Vernon's Ann.Civ.St. (almost identical with Rule 330(k), by our Supreme Court in Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W. 2d 1031, 1034, viz.: "If an original motion for new trial is filed after the expiration of 10 days from the date of the judgment and is entertained by the court and overruled within 30 days after the date of judgment, the judgment becomes final, and the term of court is as to the case at an end upon the expiration of 30 days from the date on which the motion was overruled."

■ Appellee further points to a clear insufficiency of defendant's above quoted assignment of error, appearing in his motion for new trial. Rules 321, 322, 374, Texas Procedure; Texas Indemnity Ins. Co. v. Warner, Tex.Civ.App., 159 S.W.2d 173, writ refused. Assignments of error are not an essential predicate to a nonjury appeal, Rule 374; and appellant's brief generally charging a want of trial court jurisdiction to enter a valid judgment, (fundamental error), the propositions thus attempted to be raised will be given brief but categorical answer.

■ (1) Appellee's bill of review, timely filed under Art. 2236, R.S., sought a new trial of the issues raised and rights purportedly adjudicated in appellant's divorce decree, rendered upon publication notice. Though filed in the 95th District Court, the cause was transferred to the 14th District Court, there consolidated with earlier cause No. 74,534—A, and tried by Judge Cramer sitting for the court whose judgment was under attack. The eminent trial judge was fully empowered to so act and to enter the orders in question. Art. 2092, Vernon's Ann.Civ.St.; Gossett v. L. G. Balfour Co., Tex.Civ.App., 111 S.W.2d 1119, 1121; De Witt v. Republic National Bank, Tex.Civ.App., 168 S.W.2d 710.

■ (2) The trial court, upon hearing of the consolidated causes (80,339 and 74,-534) on petition of Mrs. Kilian for a new trial and "other and further relief", was required to dispose of all issues at one hearing. "If the motion for new trial under Art. 2236 of the statutes is sufficient on its face to show right thereto, then the merits of the suit may be determined in connection with the hearing of the motion, to avoid trial of the two issues by piece meal". Ashton v. Farrell & Co., Tex.Civ. App., 121 S.W.2d 611, 616; Smith v. Higginbotham, Tex.Civ.App., 141 S.W.2d 752, affirmed by Supreme Court, 138 Tex. 227, 158 S.W.2d 481.

■ A petitioner must possess the qualifications prescribed by Art. 4631, Vernon's Ann.Civ.St., before he is entitled to prosecute a divorce suit in the courts of this State. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; Pappas v. Pappas, Tex.Civ.App., 146 S.W.2d 1115. In the case at bar the court properly found that Edward Stanley Kilian had not been an actual bona fide inhabitant of Texas for a period of twelve months prior to the filing of his suit; the uncontroverted evidence further indicating that he had never been a resident of Dallas County at all. On the other hand, such evidence is to the effect that his legal domicile is Chicago, in the State of Illinois; the Texas sojourn, following army induction through his Chicago Draft Board, being involuntary and under

requirements of military service. Gallagher v. Gallagher, Tex.Civ.App., 214 S. W. 516. The appeal here is from a correct judgment of dismissal, and the rulings complained of must be in all respects approved.

Affirmed.