**ALDRIDGE v. GENERAL MILLS, Inc.,**
et al.

No. 14685.

Court of Civil Appeals of Texas.
Fort Worth.

May 25, 1945.

Rehearing Denied June 22, 1945.

cluded from interposing the defenses that would be available under different circumstances.

Kelly answered that on the date appellant was injured, appellant and one I. C. Evans were employed by him, in Kelly's place of business; that he had at such time only two employees; that they were not employed by nor were they working for defendant General Mills, Inc., at such time, and he pleaded, among other defenses, that appellant was injured through the negligence of Evans who was at the time a fellow servant.

General Mills, Inc., answered denying that appellant was in its employ and alleging that he was employed by Kelly, and further alleged that Kelly's business was not connected with its business.

The cause being tried to a jury, after all evidence had been introduced, the defendant General Mills, Inc., moved for an instructed verdict, because (a) the undisputed evidence disclosed that appellant was not injured while in its employ, but at a time when he was employed by Kelly, (b) and that if it could be held that appellant was its employee, at the time he was injured, the undisputed evidence disclosed that he was covered by the Workmen's Compensation Insurance carried at the time by it.

Kelly also moved for an instructed verdict in his behalf. The court submitted the cause to the jury, on special issues, and the jury found: That Aldridge sustained a personal injury to his hand, at the time in question, and when he was an employee of Kelly; that at such time Kelly had more than two employees; that I. C. Evans failed to notify appellant that he, Evans, was going to start the machine (with which appellant was injured); that such failure was negligence and a proximate cause of the injury; that the injury sustained by appellant arose as a result of Evans starting the said machine, and such act was a proximate cause of appellant's injury; that the injury was not the result of an unavoidable accident, and that appellant sustained damages in the sum of $5,000. Defendant Kelly made a motion for judgment notwithstanding the verdict on the theory that the undisputed evidence disclosed that at the time appellant was injured Kelly had only two employees—appellant and Evans; that the only person who did any work at Kelly's place of business, on the day appellant was injured, was one Spillers who merely vol-

R. S. Ragsdale, of Burkburnett, for appellant.

Thompson, Knight, Harris, Wright & Weisberg and Pinkney Grissom, all of Dallas, and H. M. Muse, of Wichita Falls, for appellee General Mills, Inc.

C. J. Brannan, of Wichita Falls, for appellee J. F. Kelly.

BROWN, Justice.

Appellant Aldridge brought suit against General Mills, Inc. and one J. F. Kelly on the theory that appellant was an employee of both General Mills, Inc. and J. F. Kelly; that when appellant was injured these defendants had more than three employees engaged in working for them and that defendants not having provided for Workmen's Compensation Insurance for the protection of their employees they were pre-

unteered to assist in unloading some grain and that he did so without the knowledge, consent, direction or orders of Kelly, and the finding of the jury that Kelly had more than two employees on the occasion was not supported by the evidence, was not supported by any evidence and was contrary to the undisputed evidence.

The trial court rendered judgment sustaining the motion made by General Mills, Inc., for a peremptory verdict in its behalf, and likewise sustained Kelly's motion for judgment notwithstanding the verdict, and rendered judgment that Aldridge take nothing as against either of the defendants.

Aldridge filed a motion for a new trial that complains as follows: "(1) Said judgment is against the evidence and contrary thereto, (2) Said judgment is contrary to law, the court having no jurisdiction to enter same; the issues of fact in such cause being for the jury and through findings thereon is binding on the court."

■ This motion was not presented to the trial court within thirty days after it was filed and the trial court held that same was overruled by operation of law on December 8, 1944.

Such ruling was undoubtedly correct, the cause having been tried in one of the three District Courts of Wichita County, and being governed by Rule 330, Texas Rules of Civil Procedure.

Aldridge prepared a pleading which he designates "A Bill of Review." It has no file mark on it, insofar as the Transcript discloses, but the very wording of this pleading discloses that it must have been filed or attempted to be filed either on or between December 21st and December 27, 1944. The Transcript contains an order of the trial court stating that this pleading was presented on the 27th day of December and that the court refused to consider same because no notice of such action was given the defendants and they made no appearance in connection with it.

Aldridge in open court gave notice of appeal, and filed his appeal bond within thirty days after his motion for a new trial was overruled by operation of law.

We have seen that the judgment of the trial court is bottomed on a motion for an instructed verdict in behalf of the defendant General Mills, Inc., and a motion for judgment notwithstanding the verdict on behalf of Kelly, both of which motions were sustained by the trial court.

■ A motion for a new trial complaining of these actions on the part of the trial court is not a necessary prerequisite to an appeal from the judgment. See Rule 324. If such motion is not absolutely necessary, than it follows that if a motion for a new trial is made, the appealing party will not be relegated strictly to the provisions of his motion but may take advantage of any such errors as may be permitted to be presented under said Rule 324. See also Rule No. 374.

■ If the pleading filed by Aldridge and designated by him "A Bill of Review" can be considered an amended motion for a new trial rather than a Bill of Review, it is seen that it was not a timely motion under Rule 330 and the trial court properly disregarded it and refused to make an order either sustaining or overruling it, just as he properly refused to make an order sustaining or overruling the motion for a new trial because it had been overruled by operation of law before it was presented to the trial court.

■■ Aldridge presents six assignments of error. The first complains of the refusal of the trial court to render judgment for him on the verdict. We find no merit in the proposition.

The second complains of the court granting Kelly's motion for judgment and in rendering judgment for Kelly because he insists that the judgment is contrary to the weight and preponderance of evidence and is contrary to the jury's findings.

Appellant relies upon a presumption of law that the young man, Spillers, was one of Kelly's employees, on the date that Aldridge was injured.

We can readily see that one may be working for another under such circumstances that this presumption would arise and unless explained, that a jury would be warranted in holding such person an employee; but where the undisputed evidence showed, as in this case, that Spillers was an employee of General Mills, Inc., a concern that had no connection with Kelly's business, and that Kelly did not know that Spillers had even volunteered to do the work that he assisted in doing, on the day in question, and that such work was done by Spillers without Kelly's knowledge or consent, and that whatever Spillers did was not done under any direction or authority from Kelly, we are unable to see how any such legal presumption may form the

basis of a jury finding to the effect that Spillers was one of Kelly's employees; and the plain and unequivocal testimony given by Spillers and Kelly, untainted by any suspicious circumstances or facts to the contrary, cannot be ignored by a jury and in turn ignored by the court.

The kind of presumption that appellant insists should govern the case at bar is destroyed by the positive evidence adduced by the defendant, and the burden then rested upon appellant to introduce evidence in rebuttal of defendants' positive evidence, and this he did not do. Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763, and cases cited; Sauer v. Palmer Press Buick Works, Tex.Civ.App., 194 S.W. 988, writ refused.

■ The third assignment of error contends that the trial court erred in refusing to submit an issue of fact to the jury on the question of the operation of the business as a joint enterprise on the part of the two defendants.

The undisputed evidence discloses that no such issue of fact was raised and there was no evidence to support such an issue.

The fourth assignment of error raises the same issue as is presented by the third assignment and we find no merit in it.

The trial court properly found that there is no evidence to support the finding of the jury to the effect that Kelly had three employees at the time appellant was injured.

The fifth assignment complains of the holding and decree of the trial court that appellant was not entitled to recover because the jury found that appellant was injured through the negligence of I. C. Evans, a fellow servant, in that Evans was directed by Kelly to direct the work to be done by appellant, and that at the time of the injury Evans was so directing appellant's work and Evans was a vice principal and not a fellow servant.

■ In the first place no effort was made by appellant to have the jury pass upon any issue of whether or not Evans was a vice principal. The cause was submitted on issues assuming that Evans was a fellow servant and appellant made no objection to the charge.

■ Then, too, the undisputed evidence, untainted with suspicion, discloses that Evans was a mere fellow servant having no more authority than appellant. Marshall & E. T. Ry. Co. v. Sirman, Tex.Civ. App., 153 S.W. 401, writ refused.

The sixth assignment of error complains because the trial court refused to consider and pass upon the motion for a new trial filed by appellant on November 8, 1944, and presented to the trial court on December 21, 1944, it being contended that, under the Rules, forty-five (45) days were allowed for the presentation of such motion, and such motion having been presented within such time, praying the trial court to correct manifest error committed, such relief could be corrected at any time during the term at which the error was committed, and the trial court had inherent power to review and correct the judgment rendered during the term.

The weakness in appellant's contention is found in the provisions of Rule 330, under which Rule appellant is bound.

■ When appellant's motion for a new trial was overruled by operation of law on December 8, 1944, all of which came about because appellant filed his motion on November 8, 1944, and failed to present same to the trial court within thirty days after it was filed, the judgment complained of became final at the end of such thirty day period, and the trial court was without authority to make any order touching such motion, and was likewise without authority to set aside the judgment either on the strength of the motion or on the court's own motion. The term of the court at which the judgment was rendered had ended.

Dallas Storage & Warehouse Co. x. Taylor, 124 Tex. 315, 77 S.W.2d 1031.

Finding no error the judgment of the trial court is affirmed.