## BACKUS v. ROPER.

### No. 14776.

Court of Civil Appeals of Texas.
Fort Worth.

May 17, 1946.

Rehearing Denied June 14, 1946.

W. C. Austin, of Fort Worth, for appellant.

Pepper & Markward, of Fort Worth, for appellee.

McDONALD, Chief Justice.

On April 3, 1945, appellee, as plaintiff in the court below, sued appellant E. A. Backus and others, seeking recovery for damages alleged to have resulted from an automobile collision. Appellant was served with citation, but filed no answer in the case, nor did he appear at the trial. On November 12, 1945, judgment was rendered on a jury verdict against appellant for the sum of $1,000, the other defendants having been dismissed from the suit. On January 18, 1946, appellant filed a pleading bearing the style and number of said suit, and which, from the clerk's marginal reference shown in the transcript, was labeled "Defendant's Bill of Review." Since the disposition of the motion to dismiss the appeal turns largely on the contents of the pleading, we shall state rather fully the substance of it. The opening paragraph describes appellant Backus as "one of the defendants in the above styled and numbered cause," and recites that such defendant "files this his motion for rehearing, and to set aside judgment entered against him on November 12, 1945, individually and as owner of the Backus Laundry, and to grant a new trial herein upon the following grounds." The ground first alleged is in substance that the verdict is not supported by the evidence. The second ground alleged is "that the true facts are contrary to the evidence introduced in the trial of the case," because said defendant did not own and had nothing to do with the automobile which injured plaintiff, and the driver of said car was not an employee of said defendant. In the third numbered paragraph it is alleged in effect that the evidence presented at the trial was not true and was known to be untrue and was for the purpose of perpetrating a fraud on the defendant. In the same paragraph it is also alleged that soon after the case was filed one of the other defendants told Backus that the case had been passed indefinitely and that Backus could forget it, and that such other defendant, to-wit, one J. A. Finkin, said that the matter was Finkin's responsibility and that he would take care of it. The gist of the fourth paragraph is that Backus had long lived in Fort Worth; that his name was listed in both the telephone and the city directories; that he would have protected his interest if he had known that Finkin would not do so; that Backus' apparent negligence was not intentional; that Backus has a good defense and upon another trial will present the true facts of the case; that his failure to appear at the trial was not his fault and that he had depended on the statement made to him by Finkin. The pleading concludes with a prayer which reads as follows: "Wherefore, defendant E. A. Backus and Backus Laundry, prays that the verdict and the judgment herein be set aside and that they be awarded a new trial."

The pleading just described does not pray for citation, nor, so far as the record shows, was any citation issued or served on the plaintiff or any other party to the suit.

On January 31, 1946, the trial court entered an order reciting consideration of a motion of plaintiff to strike the motion filed by defendant Backus, and ordering that the latter motion be stricken.

The trial court's order contains no recital of exception or notice of appeal, but on February 14, 1946, defendant Backus filed an instrument in the case which reads as follows: "E. A. Backus, one of the de-

fendants, feeling himself aggrieved by the default judgment entered in the above styled and numbered cause, against him, on November 12, 1945, and the order of the court denying this defendant's application for 'Writ of Review' on January 31, 1946, in the above proceedings; does hereby give notice of appeal from said judgment, and the said order denying said application for 'Writ of Review' to the Court of Civil Appeals for the Second Supreme Judicial District, sitting at Fort Worth, Texas, and prays that his appeal may be allowed; and that a transcript of the record and proceedings and all papers upon which said judgment and order were made, duly authenticated, may be sent to the Court of Civil Appeals, for the Second Supreme Judicial District, sitting at Fort Worth, Texas."

The appeal bond, filed on February 13, 1946, refers to the rendition of the default judgment on November 12, 1945, and to the order of the court denying his "application for 'Writ of Review'."

Appellee, the plaintiff in the court below, moves to dismiss the appeal on the ground that the instrument filed by appellant in the trial court on January 18, 1946, is nothing more than a belated motion for a new trial, and cannot be treated as a bill of review, and that the motion for new trial, appeal bond, and the record in this court, were all filed after the time allowed by law, and that consequently the appeal must be dismissed.

██ Regardless of any other question in the case, the appeal must be dismissed for failure to give notice of appeal within the required time. Rule 353, Texas Rules of Civil Procedure, requires notice of appeal to be given or filed within ten days after judgment or order overruling motion for new trial. The order of the trial court striking the pleading filed by appellant appears to have been rendered on January 31, 1946, and the notice of appeal filed with the clerk of the court below, which is the only notice of appeal shown by the record, was filed on February 14, 1946, more than ten days after the order of January 31, 1946. It has been held from an early day that the time limits prescribed by law for giving notice of appeal are mandatory, and

that the appellate court acquires no jurisdiction of the appeal where the notice of appeal, if required in the particular case, has not been given within the time allowed by law. 3 Tex.Jur., § 179, p. 274; Lyell v. Guadaloupe County, 28 Tex. 57; Wright v. Wright, Tex.Civ.App., 101 S.W.2d 655; Richey v. Central Securities Co., Tex.Civ. App., 131 S.W.2d 121; Kirby v. South Texas Nat. Bank of San Antonio, Tex. Civ.App., 127 S.W.2d 955.

We shall next consider whether the pleading filed by appellant was a bill of review, or only a motion for new trial.

██ Most of the questions of law relating to equitable relief by way of bill of review are well settled by the decisions, and in 25 Texas Jurisprudence, beginning at page 646, will be found excellent statements of the various rules. As noted in the cited text, jurisdiction to grant equitable relief from a judgment is ordinarily invoked by an independent suit in which the opposite party is cited as in ordinary cases unless citation is waived or an appearance entered. The case is docketed and tried as a separate suit. The issues are not tried piecemeal, but the entire case is opened on its merits and the relief prayed for is either granted or denied in one proceeding. The petition should allege in detail the facts upon which the plaintiff relies to obtain the desired relief. It is not material how the petitioner styles his petition, and it is not controlling whether he file the petition under the style and number of the case in which judgment was rendered, or under a different style and number. It is the substance of the petition, or pleading, which will determine whether it is to be treated as a bill of review, or merely a motion for new trial.

██ When we test the petition filed by appellant by the settled rules, we find it to be nothing more than a motion for new trial. It is fatally lacking in the elements necessary to make of it a bill of review. First, it is filed under the style and number of the original suit. Next, the movant describes himself as a defendant, not as a plaintiff. No citation was prayed for, nor was citation served on the opposite party. Although the record indicates

that the pleading bears an endorsement labeling it as "Defendant's Bill of Review," the petitioner in the opening paragraph of the pleading declares that he "files this his motion for rehearing." He declares that the verdict is not supported by the evidence. He offers an explanation of his failure to contest the suit, but his pleading shows on its face that he was negligent in his failure to contest it. He does not allege grounds entitling him to equitable relief. Even if we should order the trial court to hear the motion and to treat it as a bill of review, it is apparent from appellant's own allegations that he was negligent in his handling of the suit, and that he could not obtain relief in an equitable proceeding based upon the allegation that the testimony given at the trial was untrue. It would be, to quote the language of our Supreme Court, "a futile and useless procedure to reverse the judgment of the trial court," because it "affirmatively appears from the sworn pleadings of (petitioner) that (he) cannot in good faith allege a cause of action based upon the (grounds) of recovery asserted" in the motion. Kelly v. Wright, Tex.Sup., 188 S.W.2d 983, 986. The cited case is directly in point on the question of failure to allege grounds for equitable relief. Concluding our examination of the pleading filed by appellant, we see that he prays only that the verdict and the judgment be set aside and that he be awarded a new trial. This is the character of relief ordinarily sought by a motion for new trial, but in a bill of review proceeding the plaintiff also seeks to recover upon the hearing all the relief to which he considers himself to be entitled on the merits of the case. For a case quite similar, see Smith v. Poppe, Tex.Civ. App., 102 S.W.2d 1108.

While the pleading filed by appellant contains some allegations which might be found in a bill of review, we cannot regard it as sufficient to be treated as a bill of review, rather than as a motion for new trial, when we examine the whole document against the background of the entire record. The mere fact that it might be subject to exceptions, or might be defective as a bill of review, would not alone authorize the trial court or us to treat it as only a motion for new trial, but appellant has fallen so far short of the necessary requirements of a bill of review proceeding that we can make no more of it than a belated effort to move for a new trial. And, under authority of the decision in Kelly v. Wright, supra, we consider that it would avail nothing to remand the case to the trial court for further proceedings because it affirmatively appears from appellant's sworn pleadings that he cannot prevail in a bill of review proceeding because of his confessed negligence in suffering the original judgment to be taken against him.

The appeal is dismissed.