## SENTER v. SHANAFELT et al.
### No. 15160.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 22, 1950.

Rehearing Denied Oct. 20, 1950.

Nelson, Montgomery & Robertson, of Wichita Falls, for appellant.

James E. Handy, of Wichita Falls, for appellees.

HALL, Justice.

Appellees instituted this suit in the district court of Jack County, Texas, to cancel for non-development 40 acres out of a certain oil and gas lease containing 168.6 acres situated in said County, which they executed to appellant.

Trial was to the court which rendered judgment for appellees.

Before discussing appellant's points of error we will dispose of appellees' motion to dismiss appellant's appeal, submitted upon the theory that the appeal bond was not filed within the required time.

Judgment in the non-jury trial was rendered on March 20, 1950. On April 19th, the thirtieth day after judgment, appellant, the defendant below, filed a motion for new trial under leave of the court. The court set the motion for hearing on May 12th and on said day entered an order overruling it. The appeal bond was also filed on May 12th.

Practice in the district court of Jack County is governed by provisions of Rule 330, Texas Rules of Civil Procedure. Section (k) of this rule provides that motions for new trial be filed within ten days after judgment. It is held, however, both under Rule 330 and under the statutes which said rule superseded, that a trial court may, in its discretion, permit a motion for new trial to be filed more than ten days but not more than thirty days after judgment. Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; Inde-

pendent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036; Aldridge v. General Mills, Tex.Civ.App., 188 S.W.2d 407. In the Dallas Storage case just cited, it is said that if the trial court entertains such a belated motion and overrules it within thirty days after judgment, the judgment does not become final until thirty days from the time it is so overruled. The court announces several conclusions regarding the construction of various provisions of the statute in question, which, as stated above, preceded our present Rule 330, one of which conclusions reads as follows: "If an original motion for new trial is filed after the expiration of 10 days from the date of the judgment and is entertained by the court and overruled within 30 days after the date of judgment, the judgment becomes final, and the term of court is as to the case at an end upon the expiration of 30 days from the date on which the motion was overruled." [124 Tex. 315, 77 S.W.2d 1034.]

Further discussion of the same statute is found in the Independent Life Ins. Co. case as follows: " * * * An original motion filed after the 10 days is of no effect whatever, unless entertained and determined within 30 days from the date of the judgment. * * *" [124 Tex. 281, 77 S.W.2d 1040.]

Appellees contend the statement last quoted is compelling authority in support of their motion to dismiss this appeal.

Cases above cited and many others hold that a motion for new trial filed within the required ten day period, or an amended motion filed within the time required by our rules, is treated as having been overruled by operation of law if the trial court fails to sustain or overrule it within the time required under the applicable rules; and that time for filing appeal bond is counted from date the motion is overruled by operation of law. In courts where action on a motion for new trial is required during the term at which it is filed, the motion is treated as having been overruled on the last day of the term if the court fails to act. 31 Tex.Jur., p. 161, and cases there cited.

It is our opinion that we should apply the same rule where a motion for new trial, in a court governed by the provisions of Rule 330, is filed under permission of the court after ten days but not more than thirty days after date of judgment. Such belated motion should be acted on within thirty days after date of judgment. Failure or refusal of the trial court to act on said motion, which he has permitted to be filed, should be treated as an overruling of the motion, and time for appeal should be counted from the last day on which he could have acted, to-wit, the thirtieth day after judgment. Our construction of the rules is consistent with decisions of the Supreme Court to the effect that the trial court has discretion to entertain a belated motion, and with the holdings relating to motions for new trials in courts where they must be acted on during the term or else be treated as having been overruled on the last day of the term.

The thirty day period following judgment in courts operating under Rule 330 resembles in some respects, although not in all, the term in other courts, with respect to the judgment in a given case. Our construction of the rules will operate fairly to the litigants and obviate an unjust hardship which might otherwise result. If leave is sought to file a belated motion and is refused, the movant then knows that time for appeal will be counted from date of the original judgment, and he may govern himself accordingly. But if the trial court permits him to file the belated motion, he has a right to expect the court to act on the motion within the time required by law. If the court should fail to act on it, the movant then would find himself deprived of the right to appeal if the result of the court's failure to act would be to render the filing of the motion of no effect at all, as contended by appellees.

Under our construction of the rules and the pertinent decisions, the motion for new trial before us should be treated as having been overruled by operation of law on April 19th, the thirtieth day after judgment. It is immaterial that the court undertook to enter an order on the motion at

a later date, on May 12th, after he had lost jurisdiction to do so. Similar views are expressed in the opinion of this court in Christner v. Mayer, Tex.Civ.App., 123 S. W.2d 715, writ dis. j. c.

Appellant's appeal bond was filed on May 12th, within thirty days after the motion for new trial was overruled by operation of law. It follows that appellees' motion to dismiss the appeal will be overruled.

Appellant's appeal consists of the following two points:

1. "The Court erred in rendering judgment for the plaintiff for the reason that the pleadings and evidence introduced in said cause were insufficient and there was no evidence of probative force to show that the Appellant had abandoned said lease for which the plaintiff would be entitled to a cancellation."

2. "The Court erred in rendering judgment for the plaintiff for the reason that the plaintiff in his petition did not pray for a cancellation, but only prayed that the Court cancel said lease in the event it was not reasonably developed by the defendant within a reasonable time after the trial, to be fixed by the Court."

There is inserted in appellees' second amended petition copy of an oil and gas lease but we fail to find where the same was introduced in evidence. Both parties to some extent refer to an oil and gas lease, so for the purpose of this record, in view of our holding, we will assume that the oil and gas lease in appellees' petition is the one under which the land in question was leased by appellees to appellant.

■ The burden being placed on appellees to prove by competent evidence that the 40 acres in question out of the lease should either be developed or canceled, we find their testimony on said subject substantially as follows:

Appellee Mrs. Hazel Shanafelt testified in substance that she was one of the mineral owners under said 168 acres leased to appellant on July 2, 1936; that there was drilled on said land in 1937 one producing gas well; that she is receiving royalty payments from said production. In 1945

another well was drilled on said land known as the Ashland well; that it produced oil and she is receiving royalty from its production; that there has been no well drilled on the north 40 acres of the east 80 acres of the land in question; that she has requested appellant to drill on said 40 acres.

Appellee J. H. Johnson testified substantially to the same facts as above and in addition thereto testified as to location of the two producing wells and their depth of 4550 feet; that just west of the south part of the land in question a dry hole offset was drilled to a depth of 5587 feet.

The above contains all the testimony introduced upon the merits of the case by appellees. To such testimony appellant made the following objection: "We object; it is not in the lease showing that there was anything in the written instrument calling for a well to be drilled on this part of the lease. The testimony shows the lease has been producing for many years and this witness has been receiving royalty payments on it."

■ Since trial was to the court we only note contents of this objection because it amplifies the subject matter for our holding in this case, such being that the lease set out in appellees' pleadings does not contain an express covenant to develop the land, so if appellees had a cause of action against appellant for non-production, it is supplanted by an implied covenant to explore and develop the mineral resources, which under certain circumstances might entitle a lessor to forfeit a lease or to recover damages. Appellant's obligation under an implied covenant to develop is measured generally by the standard of reasonable diligence. Rhoads Drilling Co. v. Allred, 123 Tex. 229, 70 S.W.2d 576. As statted in 31-A Tex.Jur., p. 229, sec. 136:

"The final test in every instance is whether an ordinary prudent person, having his covenant to develop and the interests of both lessor and lessee in mind, would, under the same or similar circumstances, cause drilling to be done. * * * and that it is for the court or jury trying the case to determine whether, under all of the circumstances, including the cost of drilling and

the probable profit therefrom, an ordinarily prudent person would have prosecuted development. The lessee is not required to continue in performance of the implied obligations unless continuance will be profitable, not only to his lessor, but also to him. * * *

"Since as just stated, the standard of compliance with the requirements of the implied covenant to develop is not absolute, but is dependent upon the facts of the particular case, it is difficult to state in precise terms what may be regarded as a reasonable development."

For announcement of the rule see W. T. Waggoner Estate v. Sigler, Oil Co., 118 Tex. 509, 19 S.W.2d 27; Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166; Gulf Production Co. v. Kishi et al., 129 Tex. 487, 103 S.W.2d 965; Warren v. Amerada Petroleum Corporation, Tex.Civ. App., 211 S.W.2d 314, error refused.

We find there is insufficient evidence to support a judgment for appellees because it is not shown by competent evidence (1) that the lease as a whole was not reasonably developed; (2) that if additional wells would be drilled on said 40 acres that same would probably result in the production of oil or gas in paying quantities; (3) the evidence is insufficient to show damage by drainage from offset wells; (4) the evidence is insufficient to establish that appellant had abandoned the lease or any part thereof; (5) the only evidence in the record is to the effect that no wells have been drilled on said 40 acres, which alone will not support a cause of action for cancellation; (6) the evidence is insufficient to establish that an ordinary prudent person in the oil business would under the same or similar circumstances drill a well on said 40 acres; and (7) extent of our State spacing rules covering said field is not in the record.

Having come to the conclusion that the case has not been fully developed and that the evidence is insufficient to support a judgment for appellees, the case is reversed and remanded for another trial.