## DITTO v. PIPER et al.

No. 15457.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 18, 1953.

Rehearing Denied Jan. 15, 1954.

See, also, Tex.Civ.App., 244 S.W.2d 547.

Frank R. Graves and T. Young Collins, Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, Martin & Moore, Elvin Tackett, and Arthur Lee Moore, Fort Worth, for appellees.

MASSEY, Chief Justice.

Tom Ditto, as plaintiff, sued Elizabeth Piper and her husband for title to and possession of a tract of land in Arlington, Tarrant County, Texas. The defendants filed cross-action, claiming an undivided one-half interest in the property by virtue of a trust engrafted upon a deed to the property executed by Elizabeth Piper after she became of age but before the time she was married. Trial was to a jury. Based upon a jury verdict the trial court entered a judgment in favor of the defendants. The plaintiff appealed.

Appeal dismissed.

Appellees advance as to most points of error assigned by appellant, though not all, their contention that the appeal taken must fail because not founded upon a motion for new trial filed and presented according to the provisions of Rule 330 et seq., Texas Rules of Civil Procedure. The motion for new trial was filed after the ten day period provided by the rules, was never amended, and was overruled on the thirtieth day after the judgment date. In our opinion the entire appeal fails and must be dismissed if not supported by an original motion filed as provided by such rules, there being no phase of the appeal lying within any exception of the rules which require such.

In brief, the contention of appellees is that since the motion for new trial of appellant was not filed until 23 days after the trial judge rendered and entered judgment in the case, though the same appears to have been filed with leave of the trial court, no appeal may be taken because the trial was before a jury and the applicable rules pro-

vide for the filing of the original motion for new trial within ten days after the date of the judgment. The District Court of the trial is a court subject to the Special Practice Act, now covered by T.R.C.P. 330 et seq. In their essence the contentions of the appellees on the point are based upon the theory that the rules in question, relating to the time of filing of a motion for new trial within ten days of judgment entry as a prerequisite to an appeal in a jury case, are mandatory rather than discretionary as to the trial court.

Prior to the adoption of Rule 5, T.R.C.P., it was within the discretion of a trial court to allow the filing of an original motion for new trial for a period of 30 days next subsequent to the date it entered a judgment in a case, provided the court's action of granting or overruling said motion was likewise performed within said 30 day period. In so far as the prerequisites for an appeal were concerned the party whose original motion filed within said period was likewise overruled within said period had established his right to appeal as founded upon a proper motion. See Texas Revised Civil Statutes, 1925, Article 2092, sections 28 and 29, provisions of which are carried forward into T.R.C.P. 330(j), 330(k) and 330(l), and the construction of said provisions made in cases. Independent Life Ins. Co. of America v. Work, District Judge, 1934, 124 Tex. 281, 77 S.W.2d 1036; Dallas Storage & Warehouse Co. v. Taylor, District Judge, 1934, 124 Tex. 315, 77 S.W. 2d 1031.

Since the adoption of Rule 5, T.R.C.P., the applicability of its provisions was not considered in two cases analogous to that here presented. Senter v. Shanafelt, 1950, Tex.Civ.App., Fort Worth, 233 S.W.2d 202; Kilian v. Kilian, 1945, Tex.Civ.App., Dallas, 185 S.W.2d 611. These cases followed the express declarations of the Supreme Court in the Independent Life Ins. Co. v. Work and Dallas Storage & Warehouse Co. v. Taylor decisions above cited. Since the dates thereof, however, the Supreme Court has construed Rule 5 as taken into consideration with the other rules applicable to the question of new trials in courts not operating under the Special Practice Act or under T.R.C.P. 330 et seq. It has expressly held that the two day period provided as to such courts for the filing of original motions for new trials is mandatory in view of Rule 5. A. F. Jones & Sons v. Republic Supply Co., 1951, Tex. Civ.App., Beaumont, 243 S.W.2d 196, affirmed in 246 S.W.2d 853. We believe the holdings of that decision to be applicable to and controlling of the question of the existence of our jurisdiction of the purported appeal in this case, though such appeal was taken from a trial court controlled by somewhat different rules as to motions for new trials.

The material part of Rule 5, T.R.C.P., reads as follows: " * * * *but it* (the court) *may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto; * *.*" (Emphasis ours.)

In view thereof, and since no circumstance is claimed to exist as bringing any phase of the appeal within any exception of T.R.C.P. 324—Prerequisites of Appeal— applicable to the trial court, we may not consider the act of the trial judge in overruling the motion for new trial filed out of time. The motion itself is a *nullity* in so far as this appeal is concerned, and the purported appeal not including the indispensable element of support by a proper motion for new trial, no jurisdiction of the case ever attached to this court and dismissal is compelled. A. F. Jones & Sons v. Republic Supply Co., supra. See the excellent discussion on this matter in Southwestern Law Journal, Vol. 6, p. 193 et seq.

The appeal is dismissed.