**FIRST NATIONAL BANK OF BRYAN, Texas, Appellant,**

v.

**Charlie L. ROBERTS, by Jack W. Prescott, Assignee, Appellee.**

**No. 11487.**

Court of Civil Appeals of Texas.

Austin.

March 23, 1955.

Rehearing Denied April 13, 1955.

W. C. Davis, Bryan, Robert C. Nelson, Rockdale, for appellant.

Jack W. Prescott, Cameron, for appellee.

## PER CURIAM.

This motion is that we direct our Clerk to file the transcript tendered by appellant, First National Bank of Bryan, Texas.

The transcript was received by mail by the Clerk on February 2, 1955. It was postmarked in Cameron, Texas, February 1, 1955.

Upon receipt of such transcript the Clerk wrote appellant's attorney as follows:

"The transcript in the above cause was received the 2nd day of February, 1955, but not filed for the reason that the appeal, as evidenced by the supersedeas bond, is from a judgment entered October 21, 1954, and there is no timely notice of appeal therefrom in the transcript, no filing of an appeal bond within thirty days from the date of such judgment, and such transcript was not tendered for filing in this Court within sixty days from the date of such judgment and no extension has been applied for or granted.

"For the above reasons I hold the transcript subject to your order or to the order of this Court upon such motion as you may make in the matter. See Rule 389, T.R.C.P."

The transcript shows:

1. Application for garnishment after judgment filed September 22, 1954, by Jack W. Prescott, assignee of Charlie L. Roberts, appellee, against appellant upon a judgment obtained by Roberts against James Haile and wife Lois D. Haile. This application was docketed as No. 14,042.

2. Citation and return showing service of notice of such application on appellant on September 23, 1954, which return was filed in the court below on October 8, 1954.

3. On October 21, 1954, a default judgment was rendered, without a jury, against appellant for the amount of the original judgment against the Hailes. (There appears some small discrepancy in the figures.)

4. On November 15, 1954, appellant filed a motion for new trial in which it stated that it was not indebted to the Hailes and had none of their effects in its possession and that while the writ of garnishment had been served on it "that said writ was misplaced inadvertently and that no answer was filed therein." The prayer was that the judgment be set aside and that a new trial be awarded.

5. On November 17, 1954, in the same styled and numbered cause, appellant filed an application for a temporary restraining order and permanent injunction alleging the Sheriff of Brazos County was about to levy on its property under an execution issued on the October 21st judgment. Three grounds were alleged as a basis for such order (a) that its motion for new trial "filed within 30 days from the date of the judgment rendered against said bank" had not been acted on and hence such judgment was not final (b) that the judgment on which the garnishment judgment was based was not a valid outstanding judgment, it being alleged, apparently in this connection, that Prescott, who was surety on a supersedeas bond given by the Hailes in appealing the original judgment, had paid the judgment upon its assignment to him by Roberts (c) that it was not indebted etc. to the Hailes.

6. Temporary restraining order was granted November 17, 1954, enjoining enforcement of such execution and setting for hearing on November 22, 1954, the Bank's application for a "permanent injunction." [1]

7. On December 1, 1954, Jack W. Prescott answered the application described in paragraph 5.

8. On December 3, 1954, appellant filed an "amended motion for new trial and

---

1. The date of this hearing was postponed until December 3, 1954.

answer of garnishee." This motion elaborates upon equities in its behalf alleging:

"On September 23, 1954, the said Writ of Garnishment was served on the First National Bank of Bryan, a corporation, by serving same on Travis B. Bryan, Jr., Vice-President of said Bank. Said Travis B. Bryan, Jr. had been in the banking business for only a period of three years and was inexperienced in legal matters of this nature, and upon receiving the writ of Garnishment, he immediately checked the records of the Bank and determined that James Haile and wife, Lois D. Haile, had never had an account in said Bank, were unknown to any of the bookkeepers, and that the First National Bank was not indebted to said Hailes nor have any effects in its possession belonging to the Hailes, nor did it have any knowledge of any persons indebted to said defendants. Bryan then laid the Writ of Garnishment on his desk and attempted to contact the attorney for the bank but was unable to do so because said lawyer was on vacation. The President of the said bank, Travis B. Bryan, Sr., was also out of town and out of the state, and said Bryan, Jr. left the writ laying on his desk for the purpose of contacting either the attorney or the President upon their return. In some manner unknown to said Vice President and without his knowledge, the said writ of garnishment was removed from his desk and lost, destroyed or misplaced by some person unknown to him and has never been found. Bryan, being under the impression that since the Bank was not indebted, nor had ever been indebted, to the defendants, Hailes, and having never before had any dealings with any types of writs or citation, believed that it was not necessary for the said bank to file an answer in said cause and when said writ became lost and could not be found, he completely dismissed the matter from his mind and did not know that failure to file an answer by the Bank would or could result in a default judgment being taken against said Bank, and Garnishee respectfully submits that the failure of the First National Bank of Bryan to answer said writ of garnishment at the time required in said writ was neither intentional nor the result of conscious indifference on its part, but was the result of an accident and mistake on the part of the officer of said bank aforesaid, and said Garnishee further alleges that it had a meritorious defense to the said writ of garnishment in that the First National Bank of Bryan was not indebted to James Haile and wife, Lois D. Haile, nor did the said Bank have any effects in its possession belonging to the said defendants, nor did it have any knowledge of any persons indebted to said James Haile and wife, Lois D. Haile."

The Bank also alleged that it had no notice of the Otcober 21st judgment against it until November 15, 1954. The answer as garnishee alleged that it was not indebted, etc.

9. On December 3, 1954, the trial court dismissed the motion for new trial for want of jurisdiction, the order reciting that such motion "was filed more than ten days after the date of the judgment" and was "not presented and ruled on by the court within thirty days" after such judgment. This order was signed December 15, 1954, and contained an appropriate notice of appeal by the Bank.

10. By an order dated December 3, 1954, and signed December 15, 1954, the trial court dissolved the temporary restraining order previously granted by it and denied the Bank's application for an injunction. This order contained an appropriate notice of appeal.

11. On December 17, 1954, appellant filed a supersedeas bond in which the judgment appealed from was described as being rendered on October 21, 1954, for $1,760.67 in favor of Jack W. Prescott against it.

'The District Court 'of Milam County has continuous terms. Art. 199(20), Vernon's Ann.Civ.St., Rule 330, T.R.C.P.[2]

■ It was not required of appellant that a motion for new trial should have been filed in order to appeal from the October 21st judgment. Rules 331, 324.

Appellant contends that "A motion for new trial in a nonjury case filed within 30 days after judgment is timely filed and is a proper predicate for appeal." By this appellant means that the filing of such motion on the day before the judgment would normally become final would be the day from which the time for taking all subsequent steps relating to the motion and to perfecting an appeal would be reckoned. Two supporting cases are cited: Kilian v. Kilian, Tex.Civ.App. 'Dallas, 185 S.W.2d 611, and Senter v. Shanafelt, Tex.Civ.App. Fort Worth, 233 S.W.2d 202, no writs applied for.

In Kilian the judgment was rendered in a nonjury trial on July 3—motion for new trial was filed July 15 and overruled July 26 and appeal bond filed August 14. We quote from the opinion [185 S.W.2d 613]:

"Appellee renews her motion to dismiss appeal, arguing that defendant's motion for new trial was filed out of time (twelve days from date of judgment), and, notwithstanding the court's action thereon within the thirty-day period (July 26), said judgment became final thirty days from its date, or August 3; hence, the cost bond on appeal filed August 14 came too late, and the Appellate Court did not acquire jurisdiction. Rule 356. The law question presented is an interesting one, for in this—a nonjury matter—no motion for new trial was required. Rule 330(k), 'Texas Procedure. Inasmuch as the case must be affirmed, the particular point will not be labored. However, it is our thought that appellant's cost bond was

timely filed, because of the construction placed upon Art. 2092, Sec. 29, Vernon's Ann.Civ.St. (almost identical with 'Rule 330(k))', by our Supreme Court in Dallas Storage '&' Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, 1034, viz.: 'If an original motion for new trial is filed after the expiration of 10 days from the date of the judgment and is entertained by the court and overruled within 30 days after the date of judgment, the judgment becomes final, and the term of court is as to the case at an end upon the expiration of 30 days from the date on which the motion was overruled.' "

In Senter judgment in a nonjury trial was rendered March 20. On April 19 motion for new trial was filed with leave of court and was overruled on May 12 and appeal bond filed on the same date. The court in its opinion cited the Dallas Storage case quoted from above and Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036 and Aldridge v. General Mills, Tex.Civ.App. Fort Worth, 188 S.W.2d 407, and quoted from the Work case as follows [233 S.W.2d 204]: "An original motion filed after the 10 days is of no effect whatever, unless entertained and determined within 30 days from the date of the judgment."

In the principal case the court held that a belated motion for new trial should be acted on during the term and if not it would be considered as overruled by operation of law on the last day of the term and that the order overruling the motion after term time was of no effect.

■ We cannot agree with appellant that a motion for new trial in a nonjury case is timely filed if filed more than ten days after judgment. If, as appellant contends, Rule 330(k) (10 days) applies only to motion required to be filed then, in our opinion, Rule 320 (2 days) applies under

2. This motion will be determined by Vernon's Texas Rules of Civil Procedure as they existed prior to January 1, 1955, and our Rule references shall be so considered.

the provisions of Rule 331 making applicable general rules of practice and procedure to courts of special classification absent any conflict with the special rules for such courts.

We do not mean to imply or hold that a court may not entertain and determine a late motion for new trial during term time. A court has inherent power and control over its judgments during the term at which they were rendered. Cohen v. Moore, 101 Tex. 45, 104 S.W. 1053. We do hold, however, that a tardy motion cannot be used to enlarge the time for perfecting an appeal. Rule 5; A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, Ditto v. Piper, Tex.Civ. App., Fort Worth, 263 S.W.2d 621, writ ref., n. r. e. See Forrest v. Beynon, Tex. Civ.App. San Antonio, 179 S.W.2d 355.

The record is not clear as to whether the original or amended motion was filed with leave of court although the amended motion so recites. Nor is it clear that such motion was "entertained" by the court below. It was set for hearing by the regular Judge and dismissed for want of jurisdiction by the Judge who sat for regular Judge. We find it unnecessary to determine these matters because it is our opinion that the default judgment became final and the motion for new trial disposed of not later than November 21, 1954, and since the transcript was not filed in this Court within 60 days from such date and no extension applied for or granted that it came too late. Rule 386.

Turning now to that portion of the transcript relating to an injunction we construe the only appeal bond in the record as appealing solely from the money judgment of October 21, 1954. In our opinion it is subject to no other construction. Hence no appeal has been perfected from the judgment denying an injunction.

There remains but one other light, we think, in which to consider the tendered transcript and that is to construe the motion for a new trial as equitable in nature and as partaking of the characteristics of a bill of review.

In the case of Backus v. Roper, Tex. Civ.App. Fort Worth, 195 S.W.2d 261, 264, writ refused, n. r. e., a very similar situation was presented and upon allegations much stronger, it seems to us, than were made here the Court held that the motion was merely "a belated effort to move for a new trial" and not a bill of review. This holding was unnecessary to the decision there made dismissing the appeal because notice of appeal was not timely made.

We sense irregularity in attempting to adjudicate, on this motion, the Bank's right to attack this judgment by way of bill of review in equity and have determined not to do so. We will treat the motion below simply as a motion for new trial and a belated one as did the trial court.

The motion to permit filing of the transcript is denied without prejudice, however, to the right of the Bank to seek relief through an equitable bill of review as to the merits of which we express no opinion.

Motion overruled.

### On Motion for Rehearing

Our attention is called to an instrument appearing in the transcript signed by Judge O. D. Graham, the regular Judge, on January 12, 1955, in which Judge Graham states that the motion for new trial filed November 15, 1954, was filed with leave of the court.

With this addendum to our original opinion appellant's Motion for Rehearing is overruled.

Motion overruled.